1  Matthew P. Minser, Esq. (SBN 296344)
   Siddharth Jhans, Esq. (SBN 254165)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Bay Parkway, Suite 100
3  Alameda, California  94502
   Telephone: (510) 906-4710
4  Email: mminser@sjlawcorp.com
   Email: sjhans@sjlawcorp.com
5
6  Attorneys for Plaintiffs, Operating Engineers'
   Health And Welfare Trust Fund for Northern California, et al.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  OPERATING ENGINEERS' HEALTH AND          Case No.:
    WELFARE TRUST FUND FOR NORTHERN
12  CALIFORNIA; DAN REDING and JAMES E.
    MURRAY, Trustees;                        **COMPLAINT**
13

14  PENSION TRUST FUND FOR OPERATING
    ENGINEERS; DAN REDING and JAMES E.
15  MURRAY, Trustees;

16  PENSIONED OPERATING ENGINEERS'
    HEALTH AND WELFARE TRUST FUND;
17  DAN REDING and JAMES E. MURRAY,
    Trustees;
18

19  OPERATING ENGINEERS AND
    PARTICIPATING EMPLOYERS PRE-
20  APPRENTICE, APPRENTICE AND
    JOURNEYMEN AFFIRMATIVE ACTION
21  TRAINING FUND; DAN REDING and JAMES
    E. MURRAY, Trustees;
22

23  OPERATING ENGINEERS LOCAL UNION
    NO. 3 VACATION, HOLIDAY AND SICK
24  PAY TRUST FUND; DAN REDING and
    JAMES E. MURRAY, Trustees; and
25

26  OPERATING ENGINEERS LOCAL 3 HEAVY
    AND HIGHWAY TRUST FUND
27

28              Plaintiffs,

                                    1
**COMPLAINT**
Case No.

v.

BEN'S BACKHOE SERVICE, INC.., a
suspended California Corporation; BENJAMIN
H. ORTIZ, an individual,

        Defendants.

<u>Parties</u>

1.     The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers,  and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.     The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3.     Ben's Backhoe Service, Inc. ("Ben's Backhoe Construction"), a suspended California corporation, and Benjamin H. Ortiz, an individual (collectively, "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

<u>Jurisdiction</u>

4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the

COMPLAINT
Case No.

terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5.      Jurisdiction exists in this Court over all the claims by virtue of the LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining Agreement.

6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

<u>Venue</u>

7.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

<u>Intradistrict Assignment</u>

9.      The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

**COMPLAINT**
**Case No.**

Bargaining Agreements

10.     Defendant Ben's Backhoe entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the current Master Agreement ("Master Agreement") between the Union and the Associated General Contractors of California, Inc. ("AGC"). . Under the terms of the Independent Agreement, the principal shareholder(s) of Defendant Ben's Backhoe, including Defendant Benjamin H. Ortiz who executed the Independent Agreement on behalf of Defendant Ben's Backhoe, personally guaranteed all amounts claimed herein. The Independent Agreement and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Fund ("Trust Agreements") require Defendants to provide employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreements.

11.     Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account, Operating Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

12.     Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees.  Contributions are due on the fifteenth (15th) day of the month following the month during which hours were worked, and are

COMPLAINT
Case No.

considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

13.     The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

14.     Defendants have failed and refused to comply with an audit of their payroll records for the period from January 1, 2016 through present.

15.     Defendants have failed and refused to report and pay contributions for hours worked by their employees during the months of May 2021 through November 2021.  Liquidated damages and interest will be incurred and are owed to Plaintiffs for any unpaid contributions for those months.

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

//

//

**COMPLAINT**
**Case No.**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\Ben's Backhoe\Pleadings\Word Versions + Fillable PDFs\BB Complaint.docx

1

2

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendants**

3        17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

4        18.     Defendants have a contractual duty to timely pay the required contributions to Plaintiffs

5    and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements

6    and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements and

7    Trust Agreements to permit an audit of their records to determine whether they are making full and

8    prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts

9    found due as a result of an audit, including audit fees.

10        19.     In addition, Defendants have a statutory duty to timely make the required payments to

11   Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

12        20.     By failing to permit the audit of all of their records and make the required payments to

13   Plaintiffs, Defendants breached the Bargaining and Trust Agreements and are in violation of ERISA §

14   515, 29 U.S.C. § 1145, and LMRA § 301(a).

15        21.     Defendants' failure and refusal to permit the audit and pay the required contributions

16   was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and

17   incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said

18   refusal is unjustified and done with knowledge and intent.

19        22.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and

20   irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations

21   required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA,

22   29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to

23   refuse to perform as required thereunder.

24        23.     This Court is authorized to issue injunctive relief based on the traditional standard. As

25   set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the

26   possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The

27   balance of hardships and advancement of public interest favor ERISA Plaintiffs.

28

**COMPLAINT**
**Case No.**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\Ben's Backhoe\Pleadings\Word Versions + Fillable PDFs\BB Complaint.docx

24.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

(b)      enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

2.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance

**COMPLAINT**
**Case No.**

with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3.      Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.      For an order,

(a)      requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

(b)      enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)      enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

5.      That the Court retain jurisdiction of this case pending compliance with its orders.

6.      For such other and further relief as the Court may deem just and proper.

DATED: January 14, 2022                    SALTZMAN & JOHNSON LAW CORPORATION

By:   _____/S/_____
         Matthew P. Minser
         Siddharth Jhans
         Attorneys for Operating Engineers' Health And
         Welfare Trust Fund, et al.

8

**COMPLAINT**
**Case No.**